# EXHIBIT A

Dennis Shlionsky, Esq. – 204022017
**EINHORN, BARBARITO, FROST, BOTWINICK, NUNN & MUSMANNO P.C.**
165 East Main Street
Denville, NJ 07834
Tel.: (973) 627-7300
Email: DShlionsky@Einhornlawyers.com
Attorneys for Plaintiff, *Angela Matonis*

| | |
|---|---|
| ANGELA MATONIS,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, individually and d/b/a COSTCO WHOLESALE CLUB and/or COSTCO WAREHOUSE; JOHN DOE 1-5 (persons responsible for the ownership, maintenance, operation, management, supervision, inspection, upkeep, and/or repairs to/of the Premises, and said names being fictitious designations and unknown) and XYZ CORPORATION 1-10 (entities responsible for the ownership, maintenance, operation, management, supervision, inspection, upkeep, and/or repairs to/of the Premises, and said entities being fictitious designations and unknown);<br><br>*Defendants* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br><br>DOCKET NO.: MRS-L-<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND; ATTORNEY'S CERTIFICATION PURSUANT TO R. 4:5-1; DEMAND FOR JURY TRIAL; DESIGNATION OF TRIAL COUNSEL; DEMAND FOR CERTIFIED ANSWERS INTERROGATORIES; AND DEMAND FOR INSURANCE POLICIES PURSUANT TO R. 4:10-2(B)**<br>a |

The Plaintiff(s), ANGELA MATONIS, by and through her counsel, Einhorn, Barbarito, Frost, Botwinick, Nunn & Musmanno P.C., for her Complaint against the Defendant(s), states as follows:

## PARTIES

1. At all times material hereto, Plaintiff, ANGELA MATONIS, was a resident of the State of New Jersey residing in Rockaway, Morris County, New Jersey.

2. At all times material hereto, Defendant, COSTCO WHOLESALE CORPORATION, individually and d/b/a COSTCO WHOLESALE CLUB and/or COSTCO WAREHOUSE (hereinafter referred to as "COSTCO"), is a foreign corporation, corporation, partnership, limited liability partnership, limited liability company, unincorporated association or another entity, organized, existing and/or registered to do business under the laws of the States of Washington and New Jersey, with multiple locations within the State of New Jersey, including but not limited to the particular location at 315 State Route 15 North, Wharton, Morris County, New Jersey 07885. At all times relevant, this Defendant owned, leased, operated, maintained, managed, supervised, inspected, repaired, and/or otherwise controlled the premises located at 315 State Route 15 North, Wharton, Morris County, New Jersey 07885, including but not limited to the parking lot, walkway, crosswalk and ADA-designated hatch-marking area providing ingress to and egress from the Costco entrance and exit, together with all appurtenances and fixtures thereon.

3. At all times material hereto, defendants, JOHN DOE 1-5, were and/or are fictitiously named individuals, the identity, addresses and culpable conduct of said defendants being presently unknown. Said defendants and/or their agents owned, leased, operated, maintained, managed, supervised, inspected, upkept, made repairs to and/or controlled and/or exercised dominion and/or were responsible for the ownership, operation, maintenance, management, monitoring, supervision, inspection, upkeep, and/or repairs to/of the Premises situated at 315 State Route 15 North, Wharton, Morris County, New Jersey 07885, including but not limited to the parking lot, walkway, crosswalk and ADA-designated hatch-marking area providing

ingress to and egress from the Costco entrance and exit, together with all appurtenances and fixtures thereon. Plaintiff reserves the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the Defendants represented herein as JOHN DOE 1-5.

4. At all times material hereto, defendants, XYZ CORPORATION 1-10, were and/or are fictitiously named legal entities, partnerships, independent contractors, professional associations and/or professional corporations (hereinafter "partnerships") which exist under the laws of the State of New Jersey, the identity, addresses and culpable conduct of said defendants being presently unknown. Said defendants and/or their agents owned, leased, operated, maintained, managed, supervised, inspected, upkept, made repairs to and/or controlled and/or exercised dominion and/or were responsible for the ownership, operation, maintenance, management, monitoring, supervision, inspection, upkeep, and/or repairs to/of the Premises situated at 315 State Route 15 North, Wharton, Morris County, New Jersey 07885, including but not limited to the parking lot, walkway, crosswalk and ADA-designated hatch-marking area providing ingress to and egress from the Costco entrance and exit, together with all appurtenances and fixtures thereon. Plaintiff reserves the right to amend this Complaint upon obtaining knowledge of the identity, addresses and culpable conduct of the Defendants represented herein as XYZ CORPORATION 1-10.

5. All Defendants acted by and through their respective agents, servants, employees, officers, directors or others, actual and/or apparent, any and all of which were then and there acting within the course and scope of their employment, duties or agency, actual and/or apparent.

**FACTS COMMON TO ALL COUNTS**

6. Plaintiff(s) incorporate(s) paragraphs 1 through 5 as though the same were set forth herein at length.

7. On or about January 16, 2025, Plaintiff, ANGELA MATONIS, was a business invitee, and/or licensee, of the COSTCO; JOHN DOE 1-5 (persons responsible for the ownership, maintenance, operation, management, supervision, inspection, upkeep, and/or repairs to/of the Premises, and said names being fictitious designations and unknown) and/or XYZ CORPORATION 1-10 (entities responsible for the ownership, maintenance, operation, management, supervision, inspection, upkeep, and/or repairs to/of the Premises, and said entities being fictitious designations and unknown) (hereinafter, collectively, "PREMISES DEFENDANTS"), or either of them, and/or otherwise lawfully on the Premises situated at 315 State Route 15 North, Wharton, Morris County, New Jersey 07885, including but not limited to the parking lot, walkway, crosswalk and ADA-designated hatch-marking area providing ingress to and egress from the Costco entrance and exit, together with all appurtenances and fixtures thereon.

8. At the above time and place, PREMISES DEFENDANTS, individually and/or through certain mutual arrangements and/or agreements, as well as through the acts and/or omissions of their agents, servants, independent contractors, and/or employees, were the owners and/or were in control and/or had dominion over the Premises, including but not limited to the parking lot, walkway, crosswalk and ADA-designated hatch-marking area providing ingress to and egress from the Costco entrance and exit, together with all appurtenances and fixtures thereon.

9. At the same time and place, the PREMISES DEFENDANTS, individually and/or through certain mutual arrangements and/or agreements, as well as through the acts and/or omissions of their agents, servants, and/or employees, had duties to inspect, warn, maintain, construct, supervise, monitor, remodel and/or upkeep the Premises in a safe and prudent manner so as to not create an unreasonable and foreseeable risk of injury to others, including, but not limited to, the parking lot, walkway, crosswalk and ADA-designated hatch-marking area providing ingress to and egress from the Costco entrance and exit, together with all appurtenances and fixtures thereon.

10. At the same time and place, Plaintiff, ANGELA MATONIS, was caused to slip and fall due to a defective, and unreasonably dangerous condition existing on the Premises; in particular, a slippery, icy, and wet surface in the parking lot area, including but not limited to the general lot, walkway, crosswalk and ADA-designated hatch-marking area providing ingress to and egress from the Costco entrance and exit, together with all appurtenances and fixtures thereon, thereby causing Plaintiff to precipitate to the ground and sustain serious and permanent injuries, including a ;eft intertrochanteric femoral neck fracture and right bimalleolar ankle fracture that necessitated open reduction internal fixation surgery.

**COUNT I – NEGLIGENCE**

**AGAINST PREMISES DEFENDANTS**

11. Plaintiff incorporates paragraphs 1 through 10 as though the same were set forth herein at length.

12. On or about January 16, 2025, the aforesaid PREMISES DEFENDANTS, individually and/or through certain mutual arrangements and/or agreements, as well as through

MRS-L-002053-25 09/08/2025 9:38:47 AM Pg 6 of 32 Trans ID: LCV20252443657

the acts and/or omissions of their agents, servants, independent contractors, and/or employees, were careless, reckless, and grossly negligent in the ownership, leasing, construction, warning, maintenance, monitoring, supervision, operation, control, repair, upkeep, and inspection of the said Premises, including, but not limited to, the parking lot, walkway, crosswalk and ADA-designated hatch-marking area providing ingress to and egress from the Costco entrance and exit, together with all appurtenances and fixtures thereon.

13. At the same time and place, the PREMISES DEFENDANTS, individually and/or through the acts and/or omissions of their agents, apparent agents, servants, or employees created and/or had actual and/or constructive notice of said dangerous condition and/or hidden and/or hazardous condition and/or a nuisance and/or trap condition, and carelessly, negligently, and recklessly performed and/or failed to perform its duties to safely maintain, clean, manage, supervise, inspect, upkeep, repair and/or warn patrons in general and plaintiff in particular of said dangerous and/or hidden and/or hazardous condition and/or a nuisance and/or trap condition and/or from palpably unreasonable risk of injury on said Premises, which caused, Plaintiff, ANGELA MATONIS, to sustain serious and severe personal injuries and damages.

14. At the above time and place, the aforesaid PREMISES DEFENDANTS, individually and/or through certain mutual arrangements and/or agreements, as well as through the acts and/or omissions of their agents, servants, independent contractors, and/or employees, created and/or maintained a dangerous and/or hidden and/or hazardous condition and/or a nuisance and/or trap in connection with the aforesaid Premises,

including, but not limited to, the parking lot, walkway, crosswalk and ADA-designated hatch-marking area providing ingress to and egress from the Costco entrance and exit, together with all appurtenances and fixtures thereon.

15. As a direct and proximate result of the individual, joint and/or several tortious conduct of the aforementioned PREMISES DEFENDANTS, their agents, apparent agents, servants, or employees, individually and/or through certain mutual arrangements and/or agreements, Plaintiff, ANGELA MATONIS, was caused to slip and fall due to a defective, and unreasonably dangerous condition existing on the Premises; in particular, a slippery, icy, and wet surface in the parking lot area, including but not limited to the general lot, walkway, crosswalk and ADA-designated hatch-marking area providing ingress to and egress from the Costco entrance and exit, together with all appurtenances and fixtures thereon, thereby causing Plaintiff to precipitate to the ground and sustain serious and permanent injuries, including a ;eft intertrochanteric femoral neck fracture and right bimalleolar ankle fracture that necessitated open reduction internal fixation surgery.

16. As a further result of the individual, joint and/or several tortious conduct and/or omissions of the various PREMISES DEFENDANTS as set forth above and by reason of the injuries sustained, Plaintiff, ANGELA MATONIS, has in the past and will in the future be obliged to receive and undergo medical attention and care and to expend various sums of money and/or to incur various expenses for care and treatment of the injuries the client has suffered, all to the client's great detriment and loss.

17. As a further result of the individual, joint and/or several tortious conduct and/or omissions of the various defendants as set forth above and by reason of the injuries

sustained, Plaintiff, ANGELA MATONIS, has sustained an impairment of the client's earning capacity and power, all to the client's great detriment and loss.

18. As a further result of the individual, joint and/or several tortious conduct and/or omissions of the various defendants as set forth above and by reason of the injuries sustained, Plaintiff, ANGELA MATONIS, has in the past incurred and will in the future continue to incur other financial losses or expenses, all to the client's great detriment and loss.

19. As a further result of the individual, joint and/or several tortious conduct and/or omissions of the various defendants as set forth above and by reason of the injuries sustained, Plaintiff, ANGELA MATONIS, has in the past suffered and will in the future continue to suffer great pain, suffering, agony, and mental anguish, all to the client's great detriment and loss.

20. As a further result of the individual, joint and/or several tortious conduct and/or omissions of the various defendants as set forth above and by reason of the injuries sustained, Plaintiff, ANGELA MATONIS, has in the past and will in the future be hindered from attending to her daily duties, functions, and occupation, all to the client's great detriment and loss.

**WHEREFORE**, Plaintiff, ANGELA MATONIS, demands judgment against the defendants individually, jointly, severally, and/or in the alternative, for damages, interest, attorney's fees, costs of suit, and such other relief as the Court may deem proper.

**EINHORN, BARBARITO, FROST,
BOTWINICK, NUNN & MUSMANNO P.C.**

BY: ____________________
Dennis Shlionsky, Esq.

Dated: September 8, 2025

**DEMAND FOR TRIAL BY JURY**

Plaintiff(s) hereby demands a trial by jury as to all issues.

**EINHORN, BARBARITO, FROST,
BOTWINICK, NUNN & MUSMANNO P.C.**

BY: ____________________
Dennis Shlionsky, Esq.

Dated: September 8, 2025

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, Dennis S. Shlionsky, Esquire, is hereby designated as trial counsel on behalf of Plaintiff(s).

**EINHORN, BARBARITO, FROST,
BOTWINICK, NUNN & MUSMANNO P.C.**

BY: ____________________
Dennis Shlionsky, Esq.

Dated: September 8, 2025

**CERTIFICATION PURSUANT TO R. 4:5-1**

I, Dennis Shlionsky, Esquire, hereby certify that the facts contained in the within matter are not subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. I also certify that the facts contained in the within matter are true and correct to the best of my knowledge and belief. If any of the statements made by me are willfully false, I am subject to punishment.

**EINHORN, BARBARITO, FROST, BOTWINICK, NUNN & MUSMANNO P.C.**

BY: ____________________
Dennis Shlionsky, Esq.

Dated: September 8, 2025

Dennis Shlionsky, Esq. – 204022017
**EINHORN, BARBARITO, FROST, BOTWINICK, NUNN & MUSMANNO P.C.**
165 East Main Street
Denville, NJ 07834
Tel.: (973) 532-4986
Email: DShlionsky@Einhornlawyers.com
Attorneys for Plaintiff, *Angela Matonis*

| | |
|---|---|
| ANGELA MATONIS,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, individually and d/b/a COSTCO WHOLESALE CLUB and/or COSTCO WAREHOUSE; JOHN DOE 1-5 (fictitious designations); XYZ CORPORATIONS 1-10 (fictitious designations); | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br><br>DOCKET NO.: MRS-L-<br><br>*Civil Action*<br><br>**DEMAND FOR DISCOVERY OF INSURANCE INFORMATION AND EXCESS LIABILITY OR UMBRELLA COVERAGE** |

TO: COSTCO WHOLESALE CORPORATION, individually and d/b/a COSTCO WHOLESALE CLUB and/or COSTCO WAREHOUSE

Dear Sir(s)/Madam(s):

**DEMAND** is hereby made that you disclose to the undersigned all insurance agreements and/or policies that may be liable to satisfy all or party of a Settlement or Judgment that may be entered in this action, or to indemnify or reimburse a party for payment made to satisfy a Judgment.

If the answer is "yes", attach a copy of each or, in the alternative, state under oath or certification:

As to Primary Coverage:

(a) Policy No.:

(b) Name and address of insurer and/or issuer;

(c) Inception and expiration dates;

(d) Name and address of all persons insured thereunder;

(e) Personal Injury Limits;

(f) Property Damage Limits;

(g) Medical Payment Limits;

(h) Name and address of person who has custody and possession thereof;

(i) Where and when each policy or agreement can be inspected and copied.

As to Excess or Umbrella Coverage:

(a) Policy No.:

(b) Name and address of insurer and/or issuer;

(c) Inception and expiration dates;

(d) Name and address of all persons insured thereunder;

(e) Personal Injury Limits;

(f) Property Damage Limits;

(g) Medical Payment Limits;

(h) Name and address of person who has custody and possession thereof;

(i) Where and when each policy or agreement can be inspected and copied.

**EINHORN, BARBARITO, FROST,**
**BOTWINICK, NUNN & MUSMANNO P.C.**

BY: ____________________
Dennis Shlionsky, Esq.

Dated: September 8, 2025

Dennis Shlionsky, Esq. – 204022017
**EINHORN, BARBARITO, FROST, BOTWINICK, NUNN & MUSMANNO P.C.**
165 East Main Street
Denville, NJ 07834
Tel.: (973) 532-4986
Email: DShlionsky@Einhornlawyers.com
Attorneys for Plaintiff, *Angela Matonis*

| | |
|---|---|
| ANGELA MATONIS,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>COSTCO; JOHN DOE 1-5 (fictitious designations); XYZ CORPORATIONS 1-10 (fictitious designations);<br><br>*Defendants*. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br><br>DOCKET NO.: MRS-L-<br><br>Civil Action<br><br>**NOTICE TO PRODUCE PROPOUNDED UPON DEFENDANTS, COSTCO WHOLESALE CORPORATION, INDIVIDUALLY AND D/B/A COSTCO WHOLESALE CLUB AND/OR COSTCO WAREHOUSE** |

TO: COSTCO WHOLESALE CORPORATION, individually and d/b/a COSTCO WHOLESALE CLUB and/or COSTCO WAREHOUSE

Dear Sir(s)/Madam(s):

**PLEASE TAKE NOTICE** that pursuant to Rule 4:18-1, the Plaintiff(s) hereby demand(s) that the Defendants), produce and permit for inspection and copying within thirty (30) days of the date hereof at EINHORN, BARBARITO, FROST, BOTWINICK, NUNN & MUSMANNO P.C. situated at 165 East Main Street in Denville, New Jersey, the below delineated materials, items, and documents, which are in their possession, custody or control.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1, The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphite, drawing, photograph, audio recording and video recording. The term includes material in all forms, including, but not limited to, printed, written, recoded, or such other median as the item is stored. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup systems, etc.) This term further includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive and negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term 'Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments and/or exhibits to the

requested document and/or any other documents referred to in the requested document or incorporated by reference.

2. The term "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, and/or any governmental body or subdivision thereof.

3. (A) The term "**Identify**" with respect to any "**person**" or any reference to stating "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the eventsin question.

(B) The term "**Identify**" with respect to any "**document**" or any reference to stating"**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party that requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. **"Subject Accident" and/or "Subject Incident"** means the January 16, 2025 incident that is the subject of this litigation.

5. "**You**" or "**Your**" means Defendant, COSTCO, and includes his/her/their agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for her/him/them and/or on her/his/their behalf.

6. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike, but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar", please state the interpretation you are using and reveal the nature of the information withheld.

7. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

8. Whenever necessary to bring within the scope of an interrogatory or request for the production of documents any information or document that might otherwise be construed to be outside the scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "any" includes "all", and "all" includes "any".

9. "**Plaintiff**" means the plaintiff herein; namely, ANGELA MATONIS, includes his decedents, agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for her or on her behalf.

10. As to terms used herein that is deemed by the responding party as being ambiguous or vague, a term is broadly construed to encompass all reasonable definitions of that term.

11. "**Control**" means a discovery mechanism that applies when the party has the practical ability to obtain documents (and/or tangible things) from a non-party to the action, such as when materials are in the custody of a party's subsidiary or expert witness. See D'Agostino v. Johnson & Johnson, 242 N.J. Super. 267, 272 (App. Div. 1990.)

## UNAVAILABILITY OF DOCUMENTS

A. **DOCUMENTS NO LONGER IN YOUR POSSESSION OR CONTROL**

To the extent an identification or production of a document is sought herein and such document(s) is/are no longer in your possession, or subject to the your control, or in existence, please state whether it (i) is missing or list; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) has been otherwise disposed of; and, in each instance, explain the circumstances surrounding and authorizing for such disposal thereof; state the date or approximate date thereof; the contents of said documents, the person who authored the transfer, destruction or other disposition of said documents. Documents prepared prior to, but which relate or refer to, the period covered by this request are to be supplied.

B. **DOCUMENTS CLAIMS TO BE PRIVILEGED**

For any document being withheld from production based on a claim of privilege, provide a defensible "Privilege Log" containing the following information with respect to each and every document for which such a claim of privilege is being made: (a) the date on which such document was prepared or finalized; (b) the name and last known address of the author of the document; (c) the name and last known address of the recipient of the document; (d) a brief description of the subject matter covered in the document; and (e) the exact bases of the claim for privilege. Further, should any documents be purged, please provide a list of same and an explanation for their destruction.

## INSTRUCTIONS

1. This request calls for production of original documents in every instance, whether or not the terms "original" or "originals" are used in the request(s) that follow.
2. In responding to this request, furnish all documents within Defendants' possession, custody or control, including those in the possession of agents, employees or attorney(s) for Defendants, and not merely such documents as Defendant may have in its immediate possession, custody or control.
3. Organize and label the documents produced to correspond with the categories in the within request. If a document corresponds to more than one category, organize and correspond with the lowest numbered category and label to correspond with all such categories.
4. This request is to be regarded as continuing. You are requested to provide, by way of supplementary responses, such additional documents as you, or any person on your behalf may hereafter obtain that are responsive to this request. Such supplementary documents are to be furnished or made available to the undersigned counsel for Plaintiff at the address indicated herein within fifteen (15) days after obtained or, if the documents are obtained within fifteen (15) days of any scheduled date for trial or hearing in the action, within twenty-four (24) hours after being obtained.

# PRODUCTION REQUEST NO. 1

## I. Insurance Coverage and Risk Management

1. Copies of all liability insurance policies, of any kind, that provide coverage to the Defendants in this action, including the declaration sheet of same, as well as an indication as to whether said coverage is primary, excess, or umbrella coverage. This request encompasses all policies that may have disclaimed or denied coverage for any reason.
2. Copies of any risk management policies, procedures, or guidelines implemented at the premises at the time of the incident.

---

## II. Expert Witness Disclosures and Reports

3. Copies of all notes, reports, letters, and statements from any expert regarding liability or damages.
4. True and legible copies of all written reports rendered by Defendants' proposed expert witnesses, including, but not limited to, liability and medical experts, whether or not they are intended to testify at trial.
5. True and legible copies of all books, treatises, commentaries, reports, statutes, codes, rules, regulations, or other published documents referred to or relied upon by any expert witness Defendants intend to call at trial.
6. Copies of all demonstrative evidence, including blueprints, diagrams, charts, or photographs, utilized or relied upon by any expert witness.

---

## III. Incident-Specific Documents

7. Copies of all documentation or reports, including, but not limited to, police reports, accident reports, and/or incident reports concerning the subject incident and/or any subsequent investigation.

MRS-L-002053-25 09/08/2025 9:38:47 AM Pg 22 of 32 Trans ID: LCV20252443657

8. True and legible copies of all documents containing the names, addresses, and contact information of all individuals contacted as potential witnesses.

9. True and legible copies of all statements, summaries of statements, notes, and/or writings of any kind regarding statements made by any party or witness with relevant knowledge, including statements provided to insurance carriers pursuant to *Pfender v. Torres*, 336 N.J. Super. 379 (App. Div. 2001).

10. True and legible copies of all photographs, video recordings, or diagrams depicting the condition of the premises before, during, and after the subject incident.

11. True and legible copies of any surveillance footage related to the subject incident, covering a period of 24 hours before and after the incident.

---

## IV. <u>Property Management, Maintenance, and Repairs</u>

12. Copies of all contracts or agreements related to the ownership, maintenance, repair, or inspection of the premises where the incident occurred.

13. True and legible copies of all written maintenance logs, inspection reports, or repair records concerning the location of the subject incident.

14. Copies of all written instructions, policies, or guidelines for performing maintenance, inspections, snow/ice removal, or repairs at the premises.

15. Copies of all work orders, estimates, invoices, and receipts related to repairs or maintenance performed on the premises for ten (10) years preceding the incident and any such work completed after the incident.

16. True and legible copies of all documents evidencing compliance with applicable local, state, or federal regulations, including ADA compliance at the premises.

---

## V. <u>Historical Records and Litigation</u>

17. True and legible copies of all records of prior or subsequent injuries occurring at the premises.

18. Copies of all complaints, warnings, or notifications related to hazardous conditions at the premises.
19. True and legible copies of any citations, violations, fines, or tickets issued for noncompliance with safety regulations or codes.
20. True and legible copies of all prior litigation records involving the premises or similar incidents involving the defendants.

---

## VI. Employee and Operational Records

21. True and accurate copies of all employee work schedules, employment contracts, and contact information for all employees or agents present at the premises on the date of the incident.
22. True and legible copies of all training manuals, safety guidelines, or operational procedures provided to employees for maintaining safe conditions on the premises.

---

## VII. Contracts and Agreements

23. Copies of all agreements conferring rights or obligations regarding possession, control, maintenance, management, or supervision of the premises.
24. True and legible copies of all contracts, agreements, or communications with third parties related to maintenance, landscaping, snow removal, or repair work performed at the premises.

---

## VIII. Surveillance and Incident Documentation

25. Copies of all surveillance footage before and after the incident.
26. Copies of all internal incident reports, notes, or memoranda created by defendants or their agents concerning the subject incident.

27. True and legible copies of all internal communications, including emails, generated in the 48 hours immediately following the incident, relating to the investigation or circumstances of the incident.

---

## IX. Demonstrative and Trial Evidence

28. Copies of all blueprints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models, or other visual reproductions of any object, place, or thing prepared, utilized, referred to, or relied upon by Defendants in connection with the subject premises or the incident in question.

29. Copies of all demonstrative evidence, including photographs, videos, or other materials that Defendants intend to use at trial to illustrate or support any claim, defense, or argument.

30. Copies of all documents, statements, or materials that Defendants intend to use for impeachment of any witness at trial.

31. True and legible copies of any animations, computer-generated graphics, or other digital media created or utilized by Defendants to depict or describe the events, premises, or alleged conditions relevant to this matter.

32. Copies of any demonstrative presentations, slideshows, or similar materials prepared by Defendants or their agents, intended for use at mediation, arbitration, or trial.

---

## X. Privilege and Withheld Documentation

33. For any document being withheld based on a claim of privilege, provide a log that includes:

    - The date the document was prepared or finalized.
    - The name and address of the author and recipient.
    - A brief description of the document's subject matter.

- The specific basis for the claim of privilege.

---

## XI. Additional Requests for Comprehensive Discovery

34. Copies of all blueprints, diagrams, or architectural plans of the premises, including those reflecting modifications or repairs to the incident location.

35. Copies of any documents or communications relating to inspections performed by third parties, including governmental or private entities.

36. Copies of all wireless communication records of defendants or their agents on the date of the incident.

37. Copies of all receipts or records related to the purchase or installation of materials or equipment used at the premises within ten (10) years prior to the incident.

38. True and legible copies of all written policies, guidelines, or procedures governing safety inspections or maintenance performed by defendants or their agents.

**EINHORN, BARBARITO, FROST, BOTWINICK, NUNN & MUSMANNO P.C.**

BY: ______________________
Dennis Shlionsky, Esq.

Dated: September 8, 2025

Dennis Shlionsky, Esq. – 204022017
**EINHORN, BARBARITO, FROST, BOTWINICK, NUNN & MUSMANNO P.C.**
165 East Main Street
Denville, NJ 07834
Tel.: (973) 532-4986
Email: DShlionsky@Einhornlawyers.com
Attorneys for Plaintiff, *Angela Matonis*

| | |
|---|---|
| ANGELA MATONIS,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, individually and d/b/a COSTCO WHOLESALE CLUB and/or COSTCO WAREHOUSE; JOHN DOE 1-5 (fictitious designations); XYZ CORPORATIONS 1-10 (fictitious designations); | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br><br>DOCKET NO.: MRS-L-<br><br>Civil Action<br><br>**REQUEST FOR ADMISSIONS PROPOUNDED UPON DEFENDANT, COSTCO WHOLESALE CORPORATION, INDIVIDUALLY AND D/B/A COSTCO WHOLESALE CLUB AND/OR COSTCO WAREHOUSE** |

To: COSTCO WHOLESALE CORPORATION, individually and d/b/a COSTCO WHOLESALE CLUB and/or COSTCO WAREHOUSE

**PLEASE TAKE NOTICE** that Plaintiff(s) hereby request(s) that Defendant(s), admit or deny the following statements. Please be advised that if written answers to this request are not provided within thirty (30) days after service, the requests are deemed admitted under Rule 4:22-1. The answering party must provide base(s) for objections or denials of specific requests. **Lack of information or knowledge are not bases – by and of themselves – for failing to admit or deny. If any answering party's admissions are determined as insufficient or, thereafter, proved to be true following denial, an award of expenses incurred in that respect may be made pursuant to Rules 4:23-1(c) and 4:23-3.**

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1, The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphite, drawing, photograph, audio recording and video recording. The term includes material in all forms, including, but not limited to, printed, written, recoded, or such other median as the item is stored. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup systems, etc.) This term further includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive and negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term 'Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments and/or exhibits to the

requested document and/or any other documents referred to in the requested document or incorporated by reference.

2. The term "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, and/or any governmental body or subdivision thereof.

3. (A) The term "**Identify**" with respect to any "**person**" or any reference to stating "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(B) The term "**Identify**" with respect to any "**document**" or any reference to stating "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party that requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. **"Subject Accident" and/or "Subject Incident"** means the January 16, 2025 incident that is the subject of this litigation.

5. "**You**" or "**Your**" means Defendant, COSTCO, and includes his/her/their agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for her/him/them and/or on her/his/their behalf.

MRS-L-002053-25 09/08/2025 9:38:47 AM Pg 30 of 32 Trans ID: LCV20252443657

6. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike, but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar", please state the interpretation you are using and reveal the nature of the information withheld.
7. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.
8. Whenever necessary to bring within the scope of an interrogatory or request for the production of documents any information or document that might otherwise be construed to be outside the scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "any" includes "all", and "all" includes "any".
9. "**Plaintiff**" means the plaintiff herein; namely, ANGELA MATONIS, includes his decedents, agents, representatives, attorneys, and anyone who, at the relevant times, was acting or purporting to act for her or on her behalf.
10. As to terms used herein that is deemed by the responding party as being ambiguous or vague, a term is broadly construed to encompass all reasonable definitions of that term.
11. "**Control**" means a discovery mechanism that applies when the party has the practical ability to obtain documents (and/or tangible things) from a non-party to the action, such as when materials are in the custody of a party's subsidiary or expert witness. See D'Agostino v. Johnson & Johnson, 242 N.J. Super. 267, 272 (App. Div. 1990.)

**REQUESTS FOR ADMISSIONS**

1. ANGELA MATONIS was a member of the public at the time of the subject collision on January 16, 2025.

   __________ Admitted __________ Denied

2. At any time following the Subject Accident, Defendant(s) and/or a representative of Defendant(s) provided a recorded statement to their insurance carrier.

   __________ Admitted __________ Denied

3. At any time following the Subject Accident, a third-party, other than the Defendant(s) and/or a representative of Defendant(s), provided a recorded statement to their insurance carrier.

   __________ Admitted __________ Denied

4. At any time following the Subject Incident, Defendant(s) were in possession of photographs related to the Subject Incident.

   __________ Admitted __________ Denied

5. At any time following the Subject Incident, Defendant(s)' insurance carrier was in possession of photographs related to the Subject Incident.

   __________ Admitted __________ Denied

6. At any time following the Subject Incident, Defendant's insurance carrier was in possession ofvideo and/or surveillance footage related to the Subject Incident.

   __________ Admitted __________ Denied

7. At any time following the Subject Incident, Defendant(s) and/or their insurance carrier, obtained a statement from a witness to the Subject Incident.

   __________ Admitted __________ Denied

8. On the date of the Subject Incident, Defendant(s) had umbrella insurance coverage and/or excess insurance coverage that may be liable to satisfy all or party of a Settlement or Judgment that may be entered in this action, or to indemnify or reimburse a party for payment made to satisfy a Judgment.

   __________ Admitted __________ Denied

9. On the Subject Incident date, Defendant was acting on behalf of someone else at the time of the Subject Incident.

__________ Admitted __________ Denied

10. Costco is solely responsible for removing snow and ice from its parking lot in Warton, New Jersey.

__________ Admitted __________ Denied

**EINHORN, BARBARITO, FROST, BOTWINICK, NUNN & MUSMANNO P.C.**

BY: ________________
Dennis Shlionsky, Esq.

Dated: September 8, 2025

# Civil Case Information Statement

**Case Details: MORRIS | Civil Part Docket# L-002053-25**

**Case Caption:** MATONIS ANGELA VS COSTCO WHOLESALE COR PORATION
**Case Initiation Date:** 09/08/2025
**Attorney Name:** DENNIS SAMUEL SHLIONSKY
**Firm Name:** EINHORN BARBARITO FROST BOTWINICK NUNN & MUSMANNO PC
**Address:** 165 E MAIN ST PO BOX 3010 DENVILLE NJ 078343010
**Phone:** 9736277300
**Name of Party:** PLAINTIFF : Matonis, Angela
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Angela Matonis? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/08/2025
Dated

/s/ DENNIS SAMUEL SHLIONSKY
Signed